Good morning, your honor. Good morning, your honor. Good morning, your honor. May it please the court, my name is Franklin L. Ferguson, Jr., and I represent the plaintiff and appellant, Ms. Marella Lombardi, in this matter. I ask the court to please reserve ten minutes of my time for rebuttal. This case is here because there was an MSA set and the plaintiff's attorney, myself, failed to properly file documents in time. I asked, at the time, opposing counsel to work with me, and she did, in terms of getting the original MSA date moved. It was moved, and the trial court was very gracious in allowing additional time and did not make that deadline. And this case is here because there were two Rule 60 applications, the first being an ex parte motion under Rule 60b-1 and 6, and the second one being only under Rule 60b-6. It's very important to note the two distinctions, your honors, because the ex parte application was denied, and the basis of that denial was there was not adequate demonstration of excusable neglect, and the court, I think, is accurate in its description as to why it was denied. But this case is here on appeal, your honors, because the formally noticed Rule 60 motion was also denied, but the court incorporated its rationale from the ex parte, and it was improper for several reasons, your honors. Mr. Ferguson, could I ask you this? Why did you bring this as a Rule 60 appeal? Why didn't you just appeal the summary judgment? Yes, your honor. The main reason was this. When the court, the trial court, granted the summary judgment, it did so at a time when I had not filed papers on plaintiff's behalf. Therefore, the record would not have included the very substantial portion of her separate statement, her motion for opposing authorities, her evidence, and therefore, the appeal would have lacked any grounds for me to argue. The rationale that I had between the time of the ex parte and the formally noticed Rule 60 motion was this. If we could argue under Rule 56e that the HUD, that the defendants, had not met their burden under Rule 56, in other words, that we could demonstrate a trial issue of fact on their papers alone, that would be sufficient to appeal. And that's the basis of this appeal. Could you not have – I apologize, Judge, go ahead. But if that's true, why didn't you just appeal? Just appeal the summary judgment. If your argument was there was insufficient evidence on their side to carry their case, even without any rebuttal evidence from you, okay, bring it as an appeal. Because now you're stuck with an abusive discretion standard. I understand that, Your Honor. However, I believe that even under that standard, the Rule 56e has not been satisfied. I think even under that standard, we can demonstrate very clearly that under the papers provided by HUD, they have not met the standard, which is that they've not demonstrated a lack of trial issue of fact. As a matter of fact, we can demonstrate, I think very, very readily, we can demonstrate that some adjudication should have been granted in our favor. Because there's no way that the defendant can demonstrate at any point in time that they accommodated Ms. Lombardi with respect to the essential functions of her position. And that's based on their own papers, the crucial document being Mr. James Frouge's declaration. His declaration demonstrates what are the essential functions of her position. At no point in time, not in their respondent's brief, not in their moving papers, at no point in time does HUD demonstrate specifically an accommodation of her essential functions. What you have here is this. You have a supervisor that says, look, I'm going to make you a secretary. You can't do those functions. You can't work for us. The problem is very clear. ADA, Rehabilitation Acts, are designed to allow persons to do their job functions, their essential job functions with accommodation. That process was never entered in this case at all. I see that I have 10 minutes left, and I ask that I reserve my time for rebuttal. Well, I have a question. Yes, Your Honor. What aspect of what the judge did do you contend was a siren? I'm afraid there's a siren up here, so. Oh, okay. What aspect of what the judge did do you contend was an abuse of the judge's discretion? The judge incorporated the same rationale as to the formerly noticed Rule 60b-6 motion as he used relative to the Rule 60b-1 motion. Well, what's wrong with that? Well, what's wrong is that they're two separate arguments and two separate considerations. The first ex parte was simply saying, hey, mercy from the Court. I'm very sorry. The second argument is that Rule 56 has been violated. The defendant has not met its very considerable burden to demonstrate trust. But the judge disagreed with you, and the judge, according to, if I read the record correctly, undertook what the judge understood to be an examination on the merits. He didn't treat it as a default, and he wrote the decision that he did, and I think Judge Fletcher's question is apt. It's a very good point, Your Honor. However, Judge Fitzgerald could not have read the record to indicate an examination of the essential functions of Miss Lombardi's decision because that never was provided. Well, he read what the government had presented. Yes, Your Honor. That's what he had, and as far as I can tell quite candidly, he did the job that Rule 56 requires him to do. And then the quarrel is with the merits of his outcome rather than whether he did the job right or wrong. He addressed what he had in front of him and found that it was sufficient to grant summary judgment in the defendant's favor. That's the problem. What was in front of him, Your Honor, was an analysis purely of the functions that Ray Brewer, Miss Lombardi's supervisor, laid out for her. At no point in time does Mr. Brewer attempt to accommodate. I understand you quarrel with his reading of what was in front of him, and I may be upside down procedurally, and if so, tell me, or one of the judges will tell me, but it seems to me at this point you can't call on this court to penetrate into the merits of that decision, because what we're talking about is an abuse of discretion in how he handled those motions, or the second motion anyway. And as I understand what we're here about, he did the job that Rule 56. He had nothing. As far as he knew, you didn't contest anything that they were contending for or anything that they were pointing to or their arguments that he may have assumed. I don't know. Well, you've got nothing to say beyond what's there. I look at it, judgment for the defendant, and here we are. But had he read – had he incorporated plaintiff's separate statement in support of the Rule 60b-6 motion, he would have seen that based on their own papers the standard had not been met, because there's no – and even in the response to the – You're saying had he incorporated it. Yes, Your Honor. In other words, had he discussed it in his opinion? Had he considered it, Your Honor. Had he considered it. Well, but we don't know. I mean, it was in front of him, right? Well, no, Your Honor. The separate statement in support of the Rule 60b-6 motion was only in front of him relative to the formerly noticed motion. Right. But he incorporated his same arguments from the ex parte motion. So we know he did not. He did not. Well, the fact that he doesn't mention them doesn't mean that he either didn't read them, take cognizance of them, or take them into consideration. The problem is the fact that he doesn't discuss them in an opinion, if the opinion itself stands on all fours as an outcome that is proper, the fact that he does not address your contentions and arguments, it certainly might have been preferable, but I don't see how that failure and that omission entitles you to the relief that you're seeking. Because the failure was to fail to specifically hold the HUD papers to the proper scrutiny. HUD papers on their own face cannot meet the standard because they don't ever point to the essential functions of Ms. Lombardi's position. Nowhere in HUD's papers moving or even in the Respondent's papers before the Court today, there's no place where they've done an analysis as to the essential functions, and that's critical. The Rule 60b-6 motion that we filed was tailored to say, look, if you look at their papers, they don't accommodate her. They can only argue that she didn't do the job that Ray Brewer wanted her to do. Well, he's not a master of a slave. He's someone who's got to comply with the law that says you have to first lay out what the essential functions are. That was never done by HUD's moving papers. That was never done in the Respondent's fellow papers. We're saying that that is an abuse of discretion because 50-56 does require. Mr. Ferguson? Yes, Your Honor. Let me ask you this, if I may. How long after entry of judgment did you make your Rule 60 motions? The motion was filed on the 28th of January, 2013. Judgment, according to my notes, is November 26, 2012. Prior to the motion itself, filed on the 20th of January, 2013, there had been a deficient notice that we tried to file. And so the answer to your question is approximately 58 days, Your Honor. Okay. Well, the reason I'm asking this, I'm trying to figure out, this goes back to my first question. I'm trying to figure out why you just didn't do this as a direct appeal when the arguments you're now making would have been made and would have been a question of law. I'm wondering if you just missed the time. I'm just wondering if you missed the 30 days for appeal. Is that why we're dealing with Rule 60? No, Your Honor. It would have been 60 days to appeal because it would have been the U.S. government as the defendant. But his rationale... It was a deliberate strategic choice on your part. His rationale, Your Honor. His rationale. If I am arguing on appeal, an MSJ, where I have no evidence in front of me, okay, then, yes, it's very difficult for me to overcome that. And I could have argued. In hindsight, now that you're saying this, Your Honor, you're right. We could have used that argument. However, I would not have been able to enter a separate statement. In this case... Okay. I get it. In this case, we have entered a separate statement that goes through their evidence and points out how... No, I get it. Okay. Well, is your client in court today? Yes, Your Honor. The client is sitting there right behind you. Yes, Your Honor. So you miss a lot of deadlines. And then the judge, he fines you $500. Then you miss another one. Then another $500. And... What's going on? Your Honor, that's precisely why... I mean, with you. Why do you miss these deadlines? And then you come in and then you pay fines and you tell the judge, I'm going to do it right. And then you don't do it right again. I spent too much time on the motion, Your Honor. I spent too much time on it, Your Honor. There's no excuse for it. What did you say? I spent too much time on the actual oppositions, Your Honor. I spent too much time doing it. Say that again. You spent too much time... Too much time doing... The oppositions, the work. I didn't properly estimate my time and use it properly. And, in fact, that's precisely why, Your Honor, I believe... In other words, you were working so hard you lost track of time? No, I didn't do a good job, Your Honor, of budgeting my time and making sure that I could get done in the space of time that I had, all I had to do. That's why I believe, Your Honor, that Judge Fitzgerald, when I brought the former motion, Rass Taxes, I believe that's why he ruled the way he did. He simply incorporated his rationale from the ex parte motion in the second motion. But he did not take into consideration the very lengthy separate statement that we put together for the rule 60B6 form of motion. That very specific separate statement goes into great detail as to why their motion, why their documentation is so deficient. See, my time is... Quite candidly, counsel, I may have thought it was too little too late. I mean, the idea that he didn't take it into consideration, that presumes a failure on his part to do the most essential part of his job. And I think, quite candidly, that's bordering on speculation. I understand the basis for it. We don't see him talking about it. But not every district judge writes a perfect opinion all the time. Correct, Your Honor. But he specifically said, I incorporate my rationale from the ex parte motion. That can't be the same rationale. The rationale for the rule 60B6 motion, the form of motion, has to be taken into consideration. Did HUD consider the essential function of the job? The answer is no. The answer is no. And 56E requires. You know, I mean, I've never seen one like this where, you know, you file a First Amendment complaint, and then you miss three different deadlines to respond to interrogatories and requests for production. And then you finally file a discovery responses at a very late time. And your motion for summary judgment was moved one, two, a couple of times. And then the opposition was moved again a couple of times. And then you file a non-receipt of opposition. You know, then we go into this business of missing deadlines and paying fines of $500. And you miss another deadline. I mean, how's he going to run a business like that? You can't, Your Honor. You can't. So what? What's going on with you? This is exactly why, Your Honor, I filed the rule 60B6 motion, and the essence of that was rule 56E, because that had not been satisfied by the moving party. The Court is correct, and the trial court laid out all those problems as well. And the respondent spent much time in their briefs doing the same thing. That's the point. I wanted to make sure that the appeal was about the rule 56E and the failure of the moving party to satisfy its very important burden to demonstrate that there was a tribal or not a tribal issue of fact. Here, the separate statement that we laid out in the rule 60B6 motion is lengthy and specifically uses only their papers. And they never once are able to rebut those points. And when a person comes to the show, when you move me out of the way, I'm out of the way. Ms. Lombardi stands before the Court, and her rights relative to the ADA, the Rehabilitation Act, were infringed. Because at no point in time did her employer specifically accommodate her relative to her essential functions. And their papers prove it. Mr. James Prude's own declaration tells us this. Well, you know, that goes to the merits. But first you've got to get to, you know, you've got to take care of these other things where you're late on missing deadlines. There's no question, Your Honor. And had this motion, had this appeal, Your Honor, been based upon Rule 60B1, inexcusable neglect, I believe that the trial court's analysis of that is correct. It's not excusable neglect. There's no reason for this. This shouldn't happen. And that's why the focus of the Rule 60B6 motion was on Rule 506E, which is to say, look, look at the HUD's own papers. This is what they filed. They don't meet the burden. And the judge in this case, by incorporating the first argument entirely, fails to consider the essential functions argument. And that can't happen. Listen. Yes, Your Honor. You have five minutes and five and a half minutes overtime. Yes, Your Honor. I'm a scorekeeper. Yes, Your Honor. I'm keeper. OK. Thank you. We have to hear from the other side. Yes, Your Honor. Yeah, thank you. Good morning, Your Honors. And may it please the Court. I'm Assistant United States Attorney Jessica Chea on behalf of the Department of Housing and Urban Development. Am I missing something in some of my questions? I'm asking that sincerely. The questions I asked of him in terms of the inability, as I said, to penetrate into the merits of the… You absolutely are not, Your Honor. You are absolutely correct that this is not an issue or a question about the merits of this case. So the fact that the judge incorporated the rationale, whether good, bad, or indifferent, doesn't matter? To clarify, Your Honor, the district court, in its order denying the Rule 60 ex parte application, specifically stated that it did not find any basis for relief under either Rule 60b-1 or Rule 60b-6. So the district court did take that into consideration. The fact that it referenced its prior order in denying the formally noticed Rule 60b motion at a later time, again, does not indicate that he did not consider the arguments that were presented under 56e. And as this court understands, the singular issue here is whether or not the district court abused its discretion. But as the record makes clear, the district court neither applied the incorrect legal standard nor applied the correct standard in a manner that was in any way illogical, implausible, or without supporting inferences from the record. Instead, the court issued a reasoned summary judgment order after considering the merits of the government's motion and subsequently concluded that this was not, in fact, a case in which extraordinary circumstances warranted relief from judgment in this case. Indeed, the record confirms that there is, in fact, nothing extraordinary about the merits of this case, Your Honors. Accordingly, we ask that the district court's denial of the Rule 60 motion be affirmed. And Judge Pragerson, you noted that you've never seen a procedural posture like this before, but I will note that both Judge Fletcher and Judge Carr, you have both served on panels in which Mr. Ferguson has raised similar issues on appeal in similar circumstances where he appealed the denial of a Rule 60b-6 motion arising from his failure to oppose summary judgment. So unfortunately, this is not an isolated incident, as Mr. Ferguson attempts to characterize it as so. So what does she have to do, this plaintiff, to get a hearing? Your Honor, this counsel has appeared to argue that his failure to file a timely opposition, essentially his gross negligence constitutes extraordinary circumstances which would entitle Ms. Lombardi to relief, but this is not the sort of extraordinary circumstances that this Court has previously recognized as warranting relief under Rule 60b-6. Moreover, this very situation has happened with sufficient frequency and regularity in counsel's practice, both in this case and in multiple other cases, that it appears to be a calculated practice employed by him to obtain extra time to prepare filings and complete discovery. May I give what my answer to that question is? Yes, Your Honor. He should talk to his malpractice carrier. I don't say that lightly. I, as a district judge, try to go out of my way to keep a case on the merits from becoming a malpractice case. But unfortunately, in this case, in answer to Judge Pragerson's question, what can she do next to secure some relief, I am afraid, and I've never said this in this setting or any other before, that's the only option that she has. She's present. I think it's fair to her who may have had a meritorious claim. We will never really know. And it's highly unlikely that, in fact, she might be able to obtain counsel and proceed from there. But that's my view of what the answer to Judge Pragerson's, as unhappy and as unfortunate as it is, to say so. And I agree with that wholeheartedly, Your Honor. And notwithstanding the fact that this is not an isolated incident, Your Honor is correct that Ms. Lombardi's relief, if any, lies in a malpractice action should she choose to pursue that avenue of relief. However, this is also not a case involving an unsophisticated litigant who has no prior knowledge of the workings of litigation or this attorney. Ms. Lombardi and her husband have been claimed. Is our system working? I apologize, Your Honor. I'll try to enunciate. Is that microphone working there? Ms. Lombardi and her husband have been clients of Mr. Ferguson's for the better part of a decade. Is all that part of the record? Well, the court can take judicial notice of three other employment discriminations. Well, OK. I'm not sure it's pertinent to what we have to deal with today, quite candidly. The other judges may. I shouldn't perhaps jump in and jump on you about it. If you don't think it's relevant, then that's fine. But as is evident from the record, this case does not present any extraordinary circumstances which would warrant relief. Counsel's actions essentially amount to calculated tactics employed over and over to just get more time to submit filings and conduct discovery. Counsel provides continued representation for Ms. Lombardi. But this is also, importantly, not a case in which Ms. Lombardi sustained any damages, either economic or otherwise. It is undisputed, and this is in the record, that Ms. Lombardi was fully compensated either through her normal salary or untaxed workers' compensation benefits for the entire time at issue in this action, including the approximately one year that she was out on extended medical leave. Ms. Lombardi remains employed at the agency today and has never experienced any financial loss to date. Finally, there is absolutely no evidence of any measure of emotional distress. In fact, both Ms. Lombardi and her husband have explicitly denied both in deposition and in Ms. Lombardi's case. Again, is this part of the record? No, Your Honor. Okay. Yes, you're correct. I'll move on. But there is no evidence of that. In short, this is not a case where there is any loss to be found. What can we do to help this applicant? What can I do to help this? I'm sorry. Applicant. I'm sorry, Your Honor. I didn't understand the question. Help Ms. Lombardi. Is there anything that this Court can do or anybody really can do? Help Ms. Lombardi as a claim. In terms of what this Court can do to help Ms. Lombardi, I think that the ---- Speak a little louder. Just get right through that microphone. In terms of what the Court can do to assist Ms. Lombardi, Judge Carr, I think that you were correct in opining ---- Just keep your voice up. in opining that Ms. Lombardi's remedy is a malpractice action against Mr. Ferguson to the extent that she chooses to pursue that avenue of relief. In terms of this case, Your Honor, in terms of whether or not the district court abused its discretion, we submit that it did not, and therefore would ask this Court to affirm the district court's denial of the Rule 60B motion. So you say that her remedy is a malpractice suit against her attorney. Her remedy, if any remedy is available, that is the remedy that is available to her, Your Honor. And unless the Court has any further questions for me, we will submit. Thank you, Your Honors. You've got one minute. Yes, Your Honor. The Court will note that the Respondent did not make one argument about the 56E requirement that has not been fulfilled by HUD. The Court is correct in terms of ---- Well, I think she did, because I explicitly asked whether my questions to you on that issue were on the mark, and she said, yes, they were. And I expressly asked about our ability to penetrate into the merits, and she pointed out that the merits were considered first time around and second time around. And once again, I'm sorry. I don't fault the district judge for not replowing the same field that she'd already gone over. The merits were not considered of the Rule 56 requirement, Your Honor, because the Rule 56 requirement requires that the Court ---- Yes, we understand that. Yes. Do you have malpractice insurance? No, Your Honor. You don't? No. But the Court here has a remedy, Your Honor. The Court has the ability to require that HUD satisfy 56E. It can't do that. I agree we can't do it. That's why I think we have to affirm. Yes, Your Honor. However, it cannot satisfy 56E. It cannot demonstrate that, in fact, the essential functions of Ms. Lombardi's position were, in fact, accommodated. And that's required before a court can grant a summary judgment. And it has not been demonstrated in this case. That I'll submit, Your Honor. All right. Thank you very much. Thank you. This matter is submitted.
judges: Carr, Pregerson, Fletcher